## JAMES BENJAMIN WARREN v. COUNTY OF MAHNOMEN.[1]

November 9, 1934.

No. 29,959.

L. A. *Wilson*, County Attorney, for appellant.
A. J. *Powers*, for respondent.

*STONE, Justice.*

Action to recover real estate taxes paid under protest. The decision was for plaintiff, and defendant appeals from the order denying its motion for amended findings or a new trial.

Plaintiff is a mixed blood Chippewa Indian of the White Earth Indian Reservation. July 21, 1902, the United States issued to him a trust patent covering the 80-acre allotment in question. The patent declared that the United States "does and will hold the land

[1]Reported in 257 N. W. 77.

thus allotted \* \* \* for the period of 25 years, in trust for the sole use and benefit of the said James Benjamin Warren \* \* \* and that at the expiration of said period the United States will convey the same by patent to said Indian \* \* \* in fee, discharged of said trust and free of all charge or encumbrance whatsoever." November 28, 1919, a fee patent was issued and forwarded to the superintendent of the Chippewa agency at Cass Lake. The issue and forwarding of this patent were a matter of routine business and not pursuant to any application or request of plaintiff. The patent remained until May 22, 1922, in the file of the Cass Lake agency without delivery to plaintiff or any request by him for its delivery. May 17, 1922, plaintiff mortgaged the property for $2,000. Until then he had in no way dealt with or attempted to encumber the title. Neither had he made any use of the land except that without authority from the federal government he had from time to time sold some hay stumpage on the land.

The involved taxes are those assessed by defendant county for the years 1917 to 1921, inclusive. October 2, 1922, the amount, with penalties and interest, totaled $573.87. On that date plaintiff, to protect the property from a tax title which otherwise would have been perfected, at least in form, and to avoid foreclosure of the mortgage, paid the taxes, penalties, and interest. Under the mortgage already referred to, failure to pay taxes before they became delinquent was a breach of covenant and cause for foreclosure. Plaintiff's payment of the taxes was under protest, and the receipts issued to him were indorsed by the county treasurer as follows:

"Paid under protest for the purpose of recording a deed and in order to protect property rights and on the ground that the taxes are illegal and void for the reason that the property on which they were levied and assessed was exempt from taxation at the time of the levy."

■ That, during the determinative period, plaintiff's land was exempt from taxation is clear. The precise point is determined for him by Morrow v. United States (C. C. A.) 243 F. 854, 859. The decision was not based "upon governmental wardship over depend-

ent and inferior people" but rather was put upon "the legal relation of trusteeship" between the federal government, as trustee, and the Indian allottees as beneficiaries. The resulting obligation, preventing taxation during the continuance of the trust, "springs from the obligation contained in the terms of the trust to preserve the land,' so that at the end of the trust period it can be passed to the beneficiary 'free of all charge or encumbrance.'" That conclusion is especially applicable here because the fee patent had not been delivered, and plaintiff had made no application for its issue. Wholly immaterial is the fact that he had sold some grass stumpage, for he had the right to use and occupy the land during the existence of the trust. See United States v. Benewah County (C. C. A.) 290 F. 628; United States v. Rickert, 188 U. S. 432, 23 S. Ct. 478, 47 L. ed. 532; Choate v. Trapp, 224 U. S. 665, 32 S. Ct. 565, 56 L. ed. 941.

■ Unsound is the argument for defendant that, as matter of law, plaintiff's payment of the delinquent taxes was voluntary and so without resulting right of recovery. As far as it is a fact issue, the decision below resolves the question for plaintiff because he "was in a peculiar position. On the one hand his property was free from this debt and lien. On the other hand, he was faced with a foreclosure of a mortgage that he had recently made for failure to do that which his mortgage required him to do. That he had in mind and that it was his purpose and intent to question the taxes is obvious from the fact that he insisted upon and procured from the county treasurer receipts showing the conditions and circumstances surrounding the transaction. * * * We should not impute to this Indian knowledge of the applicable law and as such hold him to the same degree of liability that we would to a person better equipped to protect himself." But there is not much, if any, fact issue. The payment was not voluntary. The law is settled to the contrary. The defendant county was plainly resorting to "coercive means" within the rule of Ward v. Board of Co. Commrs. 253 U. S. 17, 23, 40 S. Ct. 419, 64 L. ed. 751.

"It has always been considered that the payment, under protest, of an illegal tax or demand, to an officer armed with a warrant

authorizing him to enforce the payment by imprisonment or by seizure and sale of property, and who is about to so exercise his authority, is not voluntary, and may be recovered back." State ex rel. McCardy v. Nelson, 41 Minn. 25, 27, 42 N. W. 548, 549, 4 L. R. A. 300.

In that case the principle was deduced from the authorities [41 Minn. 28] "that one may pay an unlawful demand when that is really necessary to avoid serious personal harm, or serious prejudice or loss in respect to property, without being chargeable with having voluntarily relinquished his right to contest the legality of the demand." The conclusion was that a payment of taxes under protest in order to place on record a deed by which the payer has acquired title to the real estate may be made without the payment being deemed voluntary. For other cases see 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9517, and Anno. 48 A. L. R. 1381. In this case plaintiff was not only in danger of a foreclosure of his mortgage with the resulting trimmings of expense, but was also faced with the perfection of at least a paper tax title to remove which might well have required a lawsuit with still more and substantial expense. In such a situation there is no basis in either fact or law for holding that a payment under protest must yet be held voluntary.

Order affirmed.

*JULIUS J. OLSON, Justice,* having heard the cause below, took no part.